# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1842V
UNPUBLISHED

| | |
|---|---|
| EVE BUNTING-SMITH, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: December 2, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu); Shoulder Injury Related to Vaccine Administration (SIRVA). |
| Respondent. | |

*Robert Joel Krakow*, Law Office of Robert J. Krakow, P.C. New York, NY, for Petitioner.

*Mitchell Jones*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON DAMAGES[1]

On December 14, 2020, Eve Bunting-Smith filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that as a result of an influenza ("flu") vaccine received on December 27, 2017, she suffered a shoulder injury related to vaccine administration ("SIRVA"). Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 29, 2022, a ruling on entitlement was issued, finding that Petitioner was entitled to compensation for a Table SIRVA. On December 2, 2022, Respondent filed a proffer on award of compensation, which indicates Petitioner's agreement to the amount(s) therein. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **I award a lump sum payment of $57,500.00 (for pain and suffering) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| EVE BUNTING-SMITH, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND HUMAN ) <br> SERVICES, ) <br> ) <br> Respondent. ) <br> ) | No. 20-1842V <br> Chief Special Master Corcoran <br> ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On December 14, 2020, Eve Bunting-Smith ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine she received on December 27, 2017.  Petition at 1.  On July 29, 2022, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and that same day, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF Nos. 39, 40.

**I.      Item of Compensation**

Pain and Suffering

Respondent proffers that petitioner should be awarded $57,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  The above amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.     Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $57,500.00 in the form of a check payable to petitioner.

**III.    Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Eve Bunting-Smith:  **$57,500.00**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

/s/ Mitchell Jones
MITCHEL JONES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 305-1748
mitchell.jones@usdoj.gov

DATED:  December 1, 2022

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.